UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE TYRONE STEWART, JR. (#248900)     CIVIL ACTION

VERSUS

JEFFREY F. WILEY, ET AL.     NO. 17-0508-SDD-EWD

## RULING

On October 11, 2017, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court determined that Plaintiff was not entitled to proceed *in forma pauperis* in this case and ordered him to pay, within 21 days, the full amount of the Court's filing fee.[1] Plaintiff was placed on notice that a failure to comply with the Court's Order "may result in the dismissal of Plaintiff's Complaint without further notice from the Court."[2]

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

---

1  Rec. Doc. 7.
2  *Ibid.*
3  28 U.S.C. § 1915(g).

In the instant case, Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.[4] Accordingly, pursuant to *Adepegba v. Hammons*[5] and 28 U.S.C. § 1915(g), this Court directed Plaintiff to pay the full amount of the Court's filing fee within 21 days. A review of the record by the Court reflects that Plaintiff has failed to pay the filing fee as ordered. Instead, Plaintiff has simply filed a second Motion to Proceed *In Forma Pauperis* herein.[6] Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of Plaintiff to pay the initial partial filing fee ordered by the Court. Therefore,

**IT IS ORDERED** that the above-captioned proceeding be **DISMISSED**, without prejudice, for failure of Plaintiff to pay the initial partial filing fee ordered by the Court.

Baton Rouge, Louisiana, this 4th day of April, 2018.

SHELLY D. DICK
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[4] Cases or appeals filed by the plaintiff that have been dismissed by the federal courts as frivolous, malicious or for failure to state a claim include, but are not limited to, *Clarence Tyrone Stewart, Jr. v. Elayn Hunts Correctional Center, et al.*, Civil Action No. 13-0645-JJB-RLB (M.D. La.), *Clarence Tyrone Stewart, Jr. v. Robert Penn.*, Civil Action No. 12-0771-JJB-SCR (M.D. La.), *Clarence Stewart, Jr. v. Department of Corrections*, Civil Action No. 96-3431-JVP-SCR (M.D. La.), *Clarence Stewart, Jr. v. Time Picayune Newpaper Co., et al.*, Civil Action No. 95-1756-FJP-SCR (M.D. La.), and *Clarence Stewart, Jr. v. Burl Cain, et al.*, Civil Action No. 95-0707-FJP-CN (M.D. La.).
[5] 103 F.3d 383 (5th Cir. 1996).
[6] See R. Doc. 10.